# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

NEWPORT YACHT CLUB, a Washington nonprofit corporation, individually and on behalf of its members; WILLIAM S. WEINSTEIN and LEANNE C. WEINSTEIN, and their marital community,

Plaintiff,

v.

THE CITY OF BELLEVUE, a Washington municipal corporation,

Defendant.

CASE NO. C09-0589-MJP

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

This matter comes before the Court on Defendant City of Bellevue's motion to strike Plaintiffs' jury demand. (Dkt. No. 165.) Having reviewed the motion, Plaintiffs' opposition (Dkt. No. 168), Defendant's reply (Dkt. No. 169), and all related filings, the Court GRANTS Defendant's motion and STRIKES Plaintiffs' jury demand. A bench trial is set to begin March 5, 2012.

**Background**

This motion is about the timeliness of Plaintiffs' jury demand. Plaintiffs Newport Yacht Club and William and Leanne Weinstein (the "Weinsteins") filed their complaint on April 30, 2009. (Dkt. No. 1.) The City of Bellevue answered on May 26, 2009. (Dkt. No. 7.) With respect to the original complaint, all parties agree that a jury demand was not served before the June 5, 2009 deadline required by Federal Rule 38(b).

Plaintiffs filed their amended complaint on Oct. 21, 2009. (Dkt. No. 55.) This amended complaint eliminated a number of claims in the original complaint, and altered the language around the SHEP claim, recharacterizing what had initially been called a "salmon hatchery" as a "salmon enhancement project." (Id. at 7.) On Oct. 26, 2009, the City answered the amended complaint and for the first time asserted a counterclaim alleging that the Weinsteins were in breach of their obligations under § 6.1 of the Settlement Agreement. (Dkt. No. 57 at 3.) Section 6.1 required the Weinsteins to construct and maintain a flood control berm on their property. (Id. at 4.)

In its counterclaim, the City asked the Court to enter an order determining that the Weinsteins were in breach of the Settlement Agreement, and asked the Court to enter such relief that the Court may deem appropriate. (Id. at 4.) The flood control berm at issue in the City's counterclaim is now moot, because the Weinsteins have built the berm. (Dkt. No. 168 at 4.)

On Oct. 28, 2009, Plaintiffs filed a reply to the City's counterclaim. (Dkt. No. 58.) Plaintiffs also filed a separate jury demand on the same date, requesting a trial by jury for all issues so triable. (Dkt. No. 59.) This jury demand was filed within 10 days of both Plaintiffs' amended complaint and the City's counterclaim.

**Discussion**

A. <u>The Right to Jury Trial</u>

The Seventh Amendment right to a jury trial is a fundamental right, and courts are to indulge every reasonable presumption against waiver of that right. <u>See</u> <u>Aetna Ins. Co. v. Kennedy</u>, 301 U.S. 389, 393 (1937); <u>Schaefer v. Gunzberg</u>, 246 F. 2d 11, 15 (9th Cir. 1957). However, the right to a jury trial may be waived by failure to timely assert the right. <u>See, e.g.</u>, <u>Bentler v. Bank of Am. Nat'l Trust</u>, 959 F.2d 138, 140 (9th Cir. 1992). Federal Rule 38 is assigned the daunting task of "preserving the right to trial by jury while adapting it to the complexities of modern litigation." <u>Id.</u> at 139.

Under Federal Rule 38(b), a party must demand a jury trial within 10 days "after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). The 10-day period was changed to 14 days effective Dec. 1, 2009. <u>See</u> Fed. R. Civ. P. 38(b)(1) Committee Note (2009). However, all the pleadings relevant to this matter were filed between May and October 2009, so the 10-day rule applies here.

With respect to Plaintiffs' initial complaint, Defendant's initial answer was the last pleading directed to the issues that it raised. (Dkt. No. 7.) Defendant's answer was filed on May 26, 2009, so the deadline for a timely jury demand expired on June 5, 2009. Plaintiffs did not file a jury demand before that date, so Plaintiffs waived the right to a jury trial.

B. <u>Effect of Amended Pleadings</u>

When an amended pleading raises new issues, by asserting new facts, a jury trial may be demanded with regard to those issues, even if the right had been waived with regard to the issues raised in the original pleading. <u>Trixler Brokerage Co. v. Ralston Purina Co.</u>, 505 F.2d 1045 (9th Cir. 1974). However, an amended complaint that merely asserts new theories of recovery, but is

based on the same facts as the original complaint, does not reestablish the party's right to demand a jury trial when the right had been waived as to the initial complaint. Id. at 1049-50.

For the purposes of reviving a jury demand, the Ninth Circuit has held that a "new issue" is "nothing other than an issue of fact." Id. at 1050. Trixler distinguishes issues of fact from mere "theories of recovery," which present novel issues of law, and do not revive a jury trial demand. Id. "An issue of fact does not exist unless there is an allegation and a responsive denial. A theory of recovery exists from the outset, irrespective of a responsive pleading." Id. In Las Vegas Sun, Inc. v. Summa Corp., the Ninth Circuit recast the question as whether the issues in the original complaint and the amended complaint "turn on the same matrix of facts." 610 F.2d 614, 620 (9th Cir. 1979).

In the present case, Plaintiffs' amended complaint does not raise any new factual issues that revive their jury demand. In fact, Plaintiffs used their amended complaint to narrow the factual issues. (Dkt. No. 55.) Plaintiffs acknowledge as much in their motion for leave to file an amended complaint, where they state, "[t]he purpose of the Amended Complaint is to eliminate claims that are no longer in dispute and to clarify the nature of the remaining claims." (Dkt. No. 46 at 1.) Specifically, Plaintiffs' amended complaint eliminated their claims that the City violated its obligation to operate and maintain existing flood control and sediment management facilities (Dkt. No. 55 at ¶ 15), and that the City thwarted the ability of Newport Yacht Club to complete a sediment and salmon restoration pond (Dkt. No. 55 at ¶ 16). The amended complaint also makes wording changes to paragraphs 12, 13, 14, 18, 25, and 26. (Dkt. No. 55.) The amended complaint recasts a salmon "hatchery" as a "salmon habitat enhancement project," but it does not allege new facts regarding the salmon habitat enhancement project. (Dkt. No. 55 at ¶

16.) Plaintiffs' amended complaint does not raise new fact issues sufficient to revive their untimely jury demand.

C. Effect of Counterclaim

If a defendant files a counterclaim, a subsequent jury demand does not attach to the plaintiff's original claim unless the counterclaim is based on the same issues of fact as the complaint. Bentler, 959 F.2d at 141. Other circuits have held that, if a counterclaim is compulsory, a jury demand that is timely with regard to the counterclaim brings those issues before the jury. See, e.g., Park Club v. Resolution Trust Corp., 967 F.2d 1053, 1057 (5th Cir. 1992); 8 James Wm. Moore et al., Moore's Federal Practice P 38.50 (3d ed. 1999). The Ninth Circuit articulated this test differently in California Scents v. Surco Prods., Inc., holding that a plaintiff was entitled to a jury trial based on the defendant's demand, even though the underlying counterclaims had been voluntarily dismissed, because the counterclaims and the complaint were based on the "same matrix of facts." 406 F.3d 1102, 1108-09 (9th Cir. 2005).

Here, the issues in the City's counterclaim are not based on the same matrix of facts as the issues in Plaintiffs' original complaint, so Plaintiffs' jury demand applies only to the new issues raised in the counterclaim, which are now moot. The clearest evidence of different factual issues comes from the text of the counterclaim itself. (Dkt. No. 57.) The counterclaim, which takes up less than one full page, alleges only that Mr. Weinstein "has not constructed the flood control berm and he has not removed the sandbags as he was required to do" by § 6.1 of the Settlement Agreement. (Dkt. No. 57 at 4.) The counterclaim relates only to § 6.1 and the flood control berm, while the original complaint relates to § 4 (related to the Coal Creek Stabilization Project), § 5 (related to sediment capture ponds), and § 7 (related to the SHEP). (Dkt. No. 1 at 4-6.) The counterclaim does not incorporate other admissions, denials, or allegations contained elsewhere in the pleadings. Cf. Monolith Portland Midwest Co. v. Reconstruction Finance Corp.,

240 F.2d 444, 448 (9th Cir.), cert. denied, 354 U.S. 921 (1957) (holding that appellant's answer to the counterclaim is directed to the same issues involved in the complaint because the first paragraph of each cause of action in the counterclaim "incorporates each and every admission, denial and allegation" contained in the answer).

Plaintiffs argue that the issues in the counterclaim and the complaint "all arose from alleged breaches of the same contract." (Dkt. No. 168 at 5.) However, the fact that the claims arose from the same contract does not mean that the factual issues are the same. Defendant's claim under § 6 raises factual issues relating to the construction of the flood control berm on the Weinstein Property, while Plaintiffs' claims under §§ 4, 5, and 7 raise issues as to whether the City met its obligations in the broader Coal Creek basin, and whether the City complied with provisions relating to a salmon habitat enhancement project. (Dkt. No. 1 at 3-7.) The Agreement's severability clause, ¶ 17.5, also supports the conclusion that each contract provision is independently enforceable. (Dkt. No. 1 at 26.) The independence of the City's counterclaim is further evidenced by the fact that the Ninth Circuit resolved the issues in the City's counterclaim on summary judgment, but remanded the SHEP issue to this Court for trial. (Dkt. No. 145 at 5.)

The fact that Plaintiffs did not rely on a jury demand made by another party also undermines their argument that Defendant's counterclaim should revive their untimely jury demand. In California Scents, the Ninth Circuit gave particular heed to the fact that their analysis of "issues" under Rule 38 went to whether plaintiff's "reliance on [defendant's] jury demand to preserve its own right to a jury trial on its complaint was reasonable." 406 F.3d at 1109. Similarly, in Bentler, the Ninth Circuit broadly construed the "issues" covered by one party's jury demand, even after it had dropped out of the case, to avoid "unfair surprise" when another

party had relied on that jury demand. 959 F.2d at 141. Here, Plaintiffs cannot argue that they relied on another party's jury demand, because no other party issued a jury demand.

Additionally, Plaintiffs' arguments that the relief sought in Defendant's counterclaim was legal, not equitable, is irrelevant. Plaintiffs cite Simler v. Conner, 372 U.S. 221 (1963), and Oklahoma Contracting Co. v. Magnolia Pipe Line Co., 195 F.2d 391, 396 (5th Cir. 1952), for the proposition that a declaratory judgment action may still be considered "legal" in nature if there would have been a right to jury trial on the issue if it had arisen in an action other than one for a declaratory judgment. (Dkt. No. 168 at 7.) The Court need not reach this issue, however, because even if the relief sought in the City's counterclaim is legal, the factual issues are still distinct from those in the complaint. Similarly, the fact that § 16 of the Settlement Agreement awards attorneys fees to the prevailing party does not support a finding that the factual issues are the same. (Dkt. No. 1 at 26.) Plaintiffs' jury demand applies only to the issues raised in the City's counterclaim, and those issues are now moot. (Dkt. No. 166 at 2.)

D. Discretionary Relief Under Federal Rule 39(b)

Here, the Court does not have the discretion to order a jury trial under Rule 39(b) because Plaintiffs have made no showing that their failure to serve a timely jury demand resulted from any cause beyond mere inadvertence. Federal Rule 39(b) states that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). However, this discretion has been severely limited by the Ninth Circuit, which has held that discretion under Rule 39(b) "is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence. Pacific Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001). In this Circuit, "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." Id.

Plaintiffs do not offer any explanation for why their jury demand was untimely. Instead, Plaintiffs argue that the Court should consider three factors—potential prejudice, delay or disruption, and negative effects on the Court's calendar—to find that it should grant a jury trial in this instance. (Dkt. No. 168 at 10.) Plaintiffs' only support for this assertion is a district court case from California, Ruiz v. Rodriguez, 206 F.R.D. 501, 504 (E.D. Cal. 2002), which cites the test used by other circuits. However, Plaintiffs fail to note that the court in Ruiz distinguished its holding from Pacific Fisheries, because it found that plaintiff's failure to file a timely jury demand resulted from an error made by the process server, not from oversight or inadvertence of counsel or plaintiff. 206 F.R.D. at 505. In the present case, Plaintiffs do not point to the error of any third party. (Dkt. No. 168 at 10.) Instead, it appears that Plaintiffs' failure to file a timely jury demand resulted from their own inadvertence, so the Court is foreclosed from granting discretionary relief under Federal Rule 39(b).

**Conclusion**

Because Plaintiffs' jury demand was filed more than 10 days after the last pleading directed to the issue, the Court GRANTS Defendant's motion and STRIKES Plaintiffs' jury demand as untimely. Because Plaintiffs do not show that their failure to timely request a jury trial resulted from anything other than inadvertence or neglect, the Court DECLINES to order a jury trial under Federal Rule 39(b).

The clerk is ordered to provide copies of this order to all counsel.

Dated this 26th day of January, 2012.

Marsha J. Pechman
United States District Judge