UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEWPORT YACHT CLUB, a Washington nonprofit corporation, individually and on behalf of its members; WILLIAM S. WEINSTEIN and LEANNE C. WEINSTEIN, and their marital community,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF BELLEVUE, a Washington municipal corporation,<br><br>Defendant. | CASE NO. C09-0589-MJP<br><br>ORDER ON DEFENDANT'S MOTION IN LIMINE |

This matter comes before the Court on Defendant City of Bellevue's motion in limine requesting that the Court exclude all evidence of damages flowing from the City's actions in permitting or failing to permit occupancy of the Weinsteins' house. (Dkt. No. 174.) Having reviewed the motion, Plaintiffs' opposition (Dkt. No. 179), and the remaining record, the Court GRANTS Defendant's motion.

1	The Court's jurisdiction in this case is limited to enforcing rights "specifically created in the contract." (Dkt. No. 54 at 3.) The remaining dispute in this case is about Art. 7 of the Settlement Agreement, which authorizes the Weinsteins to construct one or more salmon habitat enhancement projects ("SHEPs"), prohibits the City from opposing the development, and requires the City to cooperate with the Weinsteins in securing permits, so long as the SHEP complies with applicable City Code provisions. (Dkt. No. 1, Ex. A, Art. 7.)

Defendant files the instant motion to block Plaintiffs from using the "association between the house and the alleged SHEP to pad their damages claim by introducing evidence of alleged damages that flow from the City's conduct related to the Weinsteins' house, and not to the SHEP." (Dkt. No. 174 at 8.) In response, Plaintiffs argue that the Weinsteins "seek all damages related to the salmon habitat enhancement project, whether or not some aspects of the salmon habitat enhancement project also relate to the house." (Dkt. No. 179 at 7.)

Because the Settlement Agreement does not impose on the City any obligations related to permitting the Weinsteins' house, evidence related to damages flowing from the City's conduct related to the house, but not the SHEP, is irrelevant. Fed. R. Evid. 401. Evidence related to damages flowing from the City's conduct related to the SHEP is relevant. Id.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 29th day of February, 2012.

Marsha J. Pechman
United States District Judge

ORDER ON DEFENDANT'S MOTION IN LIMINE- 2